FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 24, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PETER JOHN ARENDAS,

                   Plaintiff,

    v.

SGT. FRED KILIAN, DEPUTY HEHER, and KLICKITAT COUNTY SHERIFF BOB SONGER,

                  Defendants.

NO:  1:17-CV-3207-RMP

ORDER DISMISSING COMPLAINT

By Order filed January 24, 2018, the Court advised Plaintiff of the

deficiencies of his complaint and directed him to amend or voluntarily dismiss

within sixty (60) days.  ECF No. 18.  Plaintiff had paid the $400.00 fee to

commence this action and the complaint, ECF No. 6, was filed on December 28,

2017.

Rather than amend, Plaintiff has submitted a series of letters, ECF Nos. 19,

20, 21, 22, 23 and 24.  In addition, documents Plaintiff sent to another Federal

District Court have been forwarded here, ECF Nos. 26 and 27.  It appears from

ORDER DISMISSING COMPLAINT~1

these documents that Plaintiff has been criminally convicted and is pursuing an appeal.  ECF No. 27 at 36, 50.

The Court previously notified Plaintiff, a prisoner housed at the Klickitat County Jail, that if he wished to change anything in his complaint, he would need to file an amended complaint which would function as a complete substitute for, and not a mere supplement to, the present complaint.  Plaintiff did not amend his complaint to state a claim upon which relief may be granted.  Indeed, based on the "letter" received February 1, 2018, Plaintiff has expressed his intention not to amend.  ECF No. 19 at 1.

Plaintiff did not present facts from which the Court could infer that Defendants violated Plaintiff's constitutionally protected rights.  Plaintiff did not allege facts showing his Fourth Amendment rights were violated during his arrest in August 2017.  To the extent Plaintiff is requesting that a federal court intervene in his pending state criminal proceeding, the Court declines to do so.  *See Younger v. Harris,* 401 U.S. 37, 41–44 (1971).  This Court does not have authority to adjudicate an appeal of his state conviction; Plaintiff must pursue such relief first through the Washington Court of Appeals.

The Prison Litigation Reform Act of 1996 provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2).

ORDER DISMISSING COMPLAINT~2

1    Although granted the opportunity to do so, Plaintiff has failed to amend his

2    complaint to state a claim upon which relief may be granted.  The mere payment of

3    a filing fee does not entitle him to proceed.

4         Therefore, for the reasons set forth above and in the Court's prior Order,

5    ECF No. 18,  **IT IS ORDERED** that this action is **DISMISSED** for failure to state

6    a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but without prejudice to

7    seeking appropriate state court remedies.

8         Based on this Court's reading of *Washington v. Los Angeles Cty. Sheriff's*

9    *Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike"

10   pursuant to 28 U.S.C. § 1915(g).   The Court certifies that any appeal of this

11   dismissal would not be taken in good faith.

12        **IT IS SO ORDERED.**  The District Court Clerk is directed to enter this

13   Order, enter judgment for Defendants, forward a copy to Plaintiff at his last known

14   address, and close the file.

15        **DATED** April 24, 2018.

16

17                                        *s/ Rosanna Malouf Peterson*
                                          ROSANNA MALOUF PETERSON
                                          United States District Judge
18

19

20

21

ORDER DISMISSING COMPLAINT~3